# B. G. Humphreys *v.* Daniel Vertner *et al.*

Where a promissory note was secured?by a mortgage on slaves, and the same was not paid at maturity, and the payee of the note transferred the note and mortgage to the indorser thereof, and received the indorser's note in full payment therefor; held, that this was a sufficient payment by the indorser to enable him to foreclose the mortgage against the maker.

An accommodation indorser stands in the light of a surety to the maker, and upon paying the debt is entitled to be substituted to all the securities held by the creditor.

This bill charges that complainant and John D. Vertner, now deceased, on the 10th January, 1838, gave their joint note to John Murdock for six thousand dollars, payable 10th January, 1839. That John D. Vertner was principal and complainant only security on said note. That Vertner gave a deed of trust or mortgage on certain negroes to secure the payment of the note, and that he wholly failed to pay it at maturity or since. That on the 13th January, 1841, said Murdock, for value received, assigned, sold, indorsed and transferred to complainant said note and said deed of trust, with all his interest in said negroes, and authorized complainant to enforce the same at law and equity in any manner that might be deemed expedient, and for which purpose this bill was filed.

The character of the transaction connected with the said assignment of the note and deed of trust to complainant, is more fully explained in the bill in this passage: "Your orator has taken up the debt due by said note to said Murdock, and become individually bound to him for the payment, and thus acquired an interest in and the control over said note and mortgage."

The defendants demurred generally.

Henry T. Ellett for the demurrer.

The main cause of the demurrer is, that the bill does not show that complainant has paid any money on said note, as surety for Vertner, but only that he has assumed or become bound to pay it.

Complainant seeks to be substituted in the place of Murdock, and subrogated to his rights under said deed of trust, and it is urged that this cannot be done until he has paid the money or done what in law is equivalent to it.

He seeks to make the money out of Vertner's estate, when he has not paid it, and it does not appear that he ever will pay it.

The position is assumed in support of this demurrer, that a bill of this description can only be sustained in a case where the complainant might maintain an action at law against the principal debtor (Vertner in this case,) for money paid, &c.

The remedies are parallel, having the same object, and being applicable to the same state of facts. To sustain an action for money paid, it must appear that *money* was *actually advanced.* 8 Johns. R. 202. Giving a *bond* for the debt is no payment. Same case.

It is also said that giving a promissory note will, *under certain circumstances*, be a good payment; but this is founded on the negotiability of such instruments under the law merchant, and would not be held law in this state, where the anti-commercial principle prevails.

In this case it is not shown how complainant is bound, whether by bond, note or otherwise. It is not even alleged that complainant is solvent and able to discharge his obligation.

The substance of the objection to the bill, however, is, that the complainant has not paid the money, and therefore has no right to make it, either out of the estate of Vertner, by action at law, or out of the collateral securities given by him to secure it, by bill in chancery.

THRASHER and SILLERS *contra.*

The CHANCELLOR.

The substitution of the note of Humphreys for that of Vertner, connected with the facts that Vertner's note was delivered up to Humphreys, and the deed of trust assigned, abundantly prove that the note of Humphreys was received in satisfaction and discharge of Vertner's liability to Murdock. But it is said that Humphreys has not paid the money due on the note. It was not

B. G. Humphreys *v.* Daniel Vertner *et al,*

necessary that the payment should have been made in money. It is sufficient that it was paid in any thing which Murdock was willing to receive in payment and discharge of his claim on Vertner. Inglas *v.* Dennett, 6 Greenleaf Rep. 79.

Let the demurrer be overruled.